INHABITANTS OF TOPSHAM *vs.* JOHN F. BLONDELL.

Sagadahoc.   Opinion November 19, 1889.

*Taxes. Statute of limitations. Debt. Joinder of parties. Abatement. Costs.*
*R. S., c. 6, §§ 141, 142, 175 ; c. 81, § 82, clause 1.*

An action of debt for the recovery of taxes on poll and personal estate is within the letter and spirit of the general statute of limitations. R. S., c. 81, § 82, clause 1.

A tax assessed against the defendant "and wife," may be recovered in an action of debt against the defendant alone, if the non-joinder of the wife be not pleaded in abatement.

In an action against a tax payer the plaintiffs cannot recover costs in the absence of proof of a demand made upon the defendant before action brought.

ON REPORT.

The facts are stated in the opinion. It was admitted that the plaintiffs had not made the demand, required by the statute, before bringing the action.

*Barrett Potter*, for plaintiffs.

I.   The assessment is valid.

Evidence was produced, and is admissible, to show intention to tax defendant by the words used. R. S., c. 6, § 142, and *Bath* v. *Reed*, 78 Maine, 276, and cases there cited, especially *Westhampton* v. *Searle*, 127 Mass. 502, 504.

As to the poll taxes, intention to tax husband rather than wife to be presumed. Respecting those taxes, at least, addition of "and wife" an error which does not invalidate assessment. Same authorities.

As to the personal property taxes, defendant was one of two intended to be taxed, and non-joinder of the other has not been pleaded in abatement. Error here, if any, probably due to defendant's failure to return a list of his taxable property. This error, also, cured by R. S., c. 6, § 142.

Defendant relies on *Trott* v. *Lowell*. If that case means more than, that assessment there considered, could not be upheld without evidence identifying defendants as parties intended to be taxed, it is overruled by later case of *Bath* v. *Reed*, above cited.

Objection to highway tax that the surveyor's list required by § 63, c. 18, R. S., could not be produced, cannot avail defendant. That tax was part of an assessment, admitted to be otherwise regular, and "is sustained by the ordinary presumption of correctness which attaches to the proceedings of officers in the performance of a public trust." *Snow* v. *Weeks*, 75 Maine, 105; *Com.* v. *Bolkom*, 3 Pick. 281.

Even if the list had not been returned, defendant would have to pay the tax. *Hayford* v. *Belfast*, 69 Maine, 63.

II. The statute of limitations not a bar.

The state is not barred by a statute of limitations, unless specially named. If this principle be admitted, its application to the collection of taxes cannot be denied. Towns and cities are the state's taxing machinery. It is in their private capacity only, if at all, that statutes of limitation run against them. *Small* v. *Danville*, 51 Maine, 359; *Cape Elizabeth* v. *Skillin*, 79 Maine, 593; *Lindsey* v. *Miller*, 6 Pet. 666; *Logan Co.* v. *Lincoln*, 81 Ill. 156; *Perry Co.* v. *Railroad*, 58 Ala. 547.

*G. D. Parks,* for defendant.

Assessment of tax against Blondell and wife cannot be upheld. *Trott* v. *Lowell,* 1 East. Rep. 398. Same as to deficient highway tax of 1879, no return being shown. *Patterson* v. *Creighton,* 42 Maine, 367 ; *Hayford* v. *Belfast,* 69 Id. 63.

Suit for all the taxes except the years 1882 and 1883, barred by R. S., c. 81, § 82, clause 1. *Nullum tempus* act applies only to the state at large.

*Cinn.* v. *First Presb. Church,* 8 Ohio, 298, (32 Am. Dec. 718), (1835) ; *Cinn.* v. *Evans,* 5 Ohio St. 595, (1855) ; *St. Charles County* v. *Powell,* 22 Mo. 525, (66 Am. Dec. 637) ; *Callaway County* v. *Nolley,* 31 Mo. 393 ; *Abernethy* v. *Dennis,* 49 Mo. 469 ; *School Directors* v. *Georges,* 50 Mo. 194 ; *City of Pella* v. *Scholte,* 24 Iowa 283, (1868), S. C., 95 Am. Dec. 740, and note, cases there cited ; *Clements* v. *Anderson,* 46 Miss. 581 : *Evans* v. *Erie County,* 66 Penn. 222 ; R. S., c. 6, § 101.

VIRGIN, J. Debt brought in the name of the inhabitants of the town, under the requisite written direction, to recover certain taxes alleged to have been legally assessed on the poll and personal property of the defendant, for the respective municipal years of 1877 to 1883, both inclusive, during all which time he was a resident in the town.

In addition to the general issue the defendant interposed the general statute of limitations.

*Nullum tempus occurrit regi* declared the common law of England. And this exception of the sovereign from the statute of limitations has been adopted in this country as applicable to the state and very generally defended upon grounds equally forcible here as in England,—that public remedies in preserving the public rights, revenues and property ought not to be lost by the laches of public officers. *United States* v. *Hoar,* 2 Mason, 312.

While there may not be any limitation bar to the collection of a tax in the old mode, we think that when the legislature, in 1874, created the additional remedy of an action of debt therefor, it thereby gave the town its choice of remedies ; and if the new remedy is elected, it is accepted with all of the general rules of

pleading, practice and limitations which pertain to the action of debt. On recurring to the statute bar governing actions of debt we find it expressly includes such as are "founded on a liability not under seal." R. S., c. 81, § 82; cl. 1. That this action is within the letter of the statute cannot be questioned.

Moreover, towns in this state are generally small in territory and the inhabitants comparatively few in numbers. Their municipal officers including collectors are elected annually. Every resident's tax is spread upon the collector's lists prepared by the assessors which lists he is bound to exhibit once in two months. He is chargeable with the whole amount of the tax committed to him, (*Thorndike* v. *Camden, supra*, 39, 45), and he gives a bond with such sureties and in such sum as the municipal officers approve for the faithful discharge of his duties. Moreover, the annual detailed reports of the financial agents of the towns make known their indebtedness and resources. St. 1885, c. 359, § 1. We perceive therefore no reason why towns should not be held to the same degree of diligence in collecting their taxes as debts, as they are in collecting other statute liabilities owing to them. *Kennebunkport* v. *Smith*, 22 Maine, 445.

While in regard to contracts or mere private rights, towns, like private citizens may plead and have pleaded against them the statute of limitations, still, as it respects all public rights, or property held for public use upon trusts, there is some conflict of authority,—though we know of no case relating to taxes. But the overwhelming weight of authority holds that municipal corporations, even in their public character, are not so vested with the rights and privileges of sovereignty as to be within the protection of the maxim *nullum tempus, etc.* Wood Lim. § 53, Dill. Mun. Corp. § 529 and cases in notes, which includes *Pella* v. *Scholte*, 24 Iowa, 283, the opinion in which was drawn by Dillon, C. J. In his work on municipal corporations this opinion of the distinguished author seems to have become somewhat modified, § 533. A very exhaustive and critical review of the cases was made by the court in *Wheeling* v. *Campbell*, 12 W. Va. 36. S. C. 48 Am. Rep. 24 *et seq.*

As the writ is dated March 20, 1888, the statute bars the col-

lection in this mode of all taxes except those for the years 1882 and 1883.

The only objection interposed to the recovery of these is, that they were assessed to the defendant "and wife" instead of to the defendant alone, who alone is sued. The answer is—that while the defendant has pleaded the statute of limitation, he has omitted to plead the non-joinder of his wife who is not sued. If these taxes were assessed to him and his wife jointly, he cannot assert that they were not assessed against him. *Webber* v. *Libby,* 70 Maine, 412. And if he would invoke the limitation bar, which governs in actions of debt, he must also bring himself within the rules of pleading, which govern such actions.

*Trott* v. *Abner Lowell and Ada I. Lowell* (1 East. Rep. 398), was an action in the name of the collector under R. S., c. 6, § 141, to collect a tax assessed to Abner Lowell *et ux.* (and wife). The court gave judgment for the defendants upon the ground that there was no evidence in the case that Ada I. Lowell was the wife of Abner,—citing *Farnsworth* v. *Rand,* 65 Maine, 19, which decides that evidence is competent to show "whom the assessors intended to tax." The language of the late Judge BARROWS in the case cited on page 23 is applicable here, and also of PETERS, C. J., in *Cressey* v. *Parks,* 76 Maine, 532, 534; "where forfeitures are not involved, proceedings for the collection of taxes should be practically and liberally construed."

We may remark that such has been the practice ever since the legislature declared that no "error, mistake, or omission by the assessors, collector or treasurer shall render the tax void." R. S., c. 6, § 142. *Boothbay* v. *Race,* 68 Maine, 351, 357. Hence if the other taxes had not been barred, we should find no difficulty in the tax of 1880, including therein a delinquent highway tax of the year before, notwithstanding there was no evidence that the surveyor returned such highway tax as delinquent. Such omission did not render the tax void. Having paid it the defendant would have been entitled to an action "not to recover his money back,—but for his damages sustained by reason of such error on the part of the assessors, if any." R. S., c. 6, § 142; *Hayford* v. *Belfast,* 69 Maine, 63, 65.

As it is admitted, that there was no demand made upon the defendant prior to bringing of this action, the plaintiffs cannot recover costs (R. S., c. 6, § 175); but they are entitled to

*Judgment for* $8.45 *and interest from date of writ.*

PETERS, C. J., WALTON, EMERY, FOSTER and HASKELL, JJ., concurred.