STATE OF MAINE

*vs.*

HERBERT A. CROMMETT, ADMR. D. B. N.

ESTATE OF ANNA WIENBERG

Cumberland.    Opinion, September 1, 1955.

*George C. West,* for plaintiff.

*Arthur A. Peabody,* for defendant.

SITTING: FELLOWS, C. J., WILLIAMSON, WEBBER, BELIVEAU, JJ., THAXTER, A.R.J.   TAPLEY, J., did not sit.

FELLOWS, C. J. This action of assumpsit is brought by the State of Maine against the administrator of an estate, to recover for Old Age Assistance furnished by the State to the deceased at her request during her lifetime. The case comes to the Law Court on report, with an agreed statement of facts.

The declaration alleges "that the said Anna Wienberg in her lifetime at South Portland, County of Cumberland, State of Maine, applied to the Department of Health and Welfare of the State of Maine for Old Age Assistance and was granted said Old Age Assistance by said Department in the month of April, 1939, and the said Anna Wienberg continued to receive said Old Age Assistance through the month of August, 1944, as shown by the itemized account attached hereto and made a part hereof, and that during said period of time the said Anna Wienberg received a total of Fifteen Hundred ($1500.00) Dollars in Old Age Assistance, and that the said Anna Wienberg died on September 7, 1944, whereby and by virtue of the provisions of Section 295, Chapter 25 of the Revised Statutes of 1954 the estate of the said Anna Wienberg became liable and promised to pay to the State of Maine the sum of Fifteen Hundred ($1500.00) Dollars.

And the Plaintiff avers that on the 13th day of June, 1945, being within one year after the date of the appointment of the administrator, aforesaid, and at least thirty days before the commencement of this suit, the claim herein declared on was filed in the Registry of Probate in said County of Cumberland, supported by the affidavit of Jean Lois Bangs, a person cognizant thereof; that neither the deceased in her lifetime nor since her decease has the administrator ever paid the same."

The plea was the general issue with the following brief statement: "The said defendant further says in a plea of confession and avoidance that, if the plaintiff ever had a

right of action, it is barred by the special statute of limitation, to wit, Chapter 165, Sections 17 and 21. For that the said Anna Wienberg died intestate September 7, 1944, that Henry L. Wienberg duly qualified as her Administrator on November 8, 1944, that said Administrator died intestate December 27, 1945, without having fully administered said estate, that this defendant was appointed as Administrator, d.b.n., of said estate on May 27, 1954, and that this suit was commenced March 23, 1955, which date of commencement is more than twenty months after the qualification of said Henry L. Wienberg as Administrator, exclusive of the time when there was no representative of this estate, to wit, twenty-four months, wherefore he prays judgment."

The agreed facts are as follows:

"That the Department of Health and Welfare of the State of Maine granted to Anna Wienberg of South Portland in the County of Cumberland in the State of Maine, in the period of 1939 until her death, Old Age Assistance in the amount of $1500.

That Anna Wienberg of said South Portland died intestate, September 7, 1944.

That Henry L. Wienberg duly qualified as her administrator on November 8, 1944, by decree of the Judge of Probate for Cumberland County.

That on June 16, 1945, the State of Maine duly filed its Proof of Claim in the amount of $1500, at said Probate Court.

That Henry L. Wienberg died intestate December 27, 1945, without having fully administered said estate.

That Herbert A. Crommett, Esq., was appointed Administrator, d.b.n., of the estate of said Anna Wienberg, on May 27, 1954.

That the State of Maine commenced this suit against the estate of Anna Wienberg on March 23, 1955.

That after the qualification of said Henry L. Wienberg as Administrator, suit on this claim was not commenced and served within twenty months exclusive of the time when there was no representative of this estate.

That the parties to this suit are the correct parties and that the form of said suit is good and sufficient.

That Herbert A. Crommett, as Administrator, d.b.n., of said estate has duly filed a plea of the General Issue with a Brief Statement setting up as a special matter of defense, Sections 17 and 21, Chapter 165, R. S., 1954.

It is further agreed that the Supreme Judicial Court sitting as Law Court is to make a final decision in the matter.

It is further agreed that if judgment is for the plaintiff, it shall be for $1500 without interest or costs; if judgment is for the defendant, it shall be without costs."

The applicable statutes are as follows: "All claims against estates of deceased persons, including claims for amounts paid under the provisions of sections 276 to 297, inclusive, of Chapter 25 (Old Age Assistance), and except for funeral expenses, expenses of administration, legacies, distributive shares and for labor and materials for which suit may be commenced under the provisions of section 39 of chapter 178, shall be presented to the executor or administrator in writing or filed in the registry of probate, supported by an affidavit of the claimant or of some other person cognizant thereof, either before or within 12 months after his qualification as such executor or administrator; and no action shall be commenced against such executor or administrator on any such claim until 30 days after the presentation or filing of such claim as above provided. Any claim not so presented or filed shall be forever barred

against the estate." Revised Statutes 1954, Chapter 165, Section 15.

"In an estate where the state has any claim under the provisions of section 276 to 297, inclusive, of chapter 25 (Claim for Assistance money), the claim shall be forever barred unless administration is taken out on such estate within 2 years following the death of the welfare recipient or the surviving spouse, in the event said spouse occupies real estate of said welfare recipient. Revised Statutes 1954, Chapter 165, Section 16.

Actions against executors or administrators on such claims, if brought within 1 year after qualification, shall be continued without cost to either party until said year expires and be barred by a tender of the debt within the year, except actions on claims not affected by the insolvency of the estate and actions on appeals from commissioners of insolvency or other commissioners appointed by the judge of probate. No action shall be maintained against an executor or administrator on a claim or demand against the estate, except for legacies and distributive shares, and except as provided in section 19, unless commenced and served within 20 months after his qualification as such executor or administrator." Revised Statutes 1954, Chapter 165, Section 17.

"Upon the death of a beneficiary, the state shall have a claim against his estate, enforceable in the probate court, for all amounts paid to him under the provisions of sections 276 to 297, inclusive (Old Age Assistance). Such claim shall have priority over all unsecured claims against such estate, except:

I.  Administrative expenses, including probate fees and taxes;

II.  Expenses of the last sickness and burial expenses.

The attorney general shall collect any claim which the state may have hereunder against such estate. Provided

that no such claim shall be enforced against any real estate while it is occupied as a home by the surviving spouse of the beneficiary and said spouse does not marry again." Revised Statutes 1954, Chapter 25, Section 295.

The defendant contends that this claim of the State of Maine, for money advanced by the State to the deceased in her lifetime at her request is barred by the Statute of Limitations because suit was not commenced and served within twenty months from the qualification of the Administrator. In other words, the question raised here is whether the State having filed a claim in the Probate Court within 12 months must bring an action within twenty months after the appointment of an administrator, when the administrator has failed to pay the State's claim within that period.

It is the general rule in Maine that the State is not bound by a statute unless expressly named therein. *Banton* v. *Griswold*, 95 Me. 445; *Cape Elizabeth* v. *Skillin*, 79 Me. 594; *Goss Co.* v. *Greenleaf*, 98 Me. 436; *Whiting* v. *Lubec*, 121 Me. 124. See generally 34 Am. Jur. 307 "Limitation of Actions," Section 393 and cases cited.

A statute of limitations does not apply against the State unless the State is expressly named therein, or in some manner it is specifically so stated. *Nullum tempus occurrit regi*. *Topsham* v. *Blondell*, 82 Me. 152; *Estate of Meir*, 144 Me. 364. "The crown is not bound by a restraining statute, unless specifically named." *Cape Elizabeth* v. *Skillin*, 79 Me. 593, 594. As said by the court in *Banton* v. *Griswold*, 95 Me. 445, 450: "In the absence of express words *most explicitly requiring it*, the court cannot hold that the legislature intended to subject the sovereign state to such liabilities." (Emphasis ours)

The foregoing cases decided by this court were known to the legislature, as is indicated by the statutes that have been passed and are cited above. The legislature intended to

place certain limitations upon the State, such as filing claim within twelve months, and to see that administration is taken out within two years, as specifically stated in Revised Statutes, 1954, Chapter 165, Sections 15 and 16, but there was no specific limitation as to the State in regard to suit within the twenty month period, because the State is not specifically referred to. "The legislature is presumed to have in mind the decisions of the Court." *Webber* v. *Granville Chase Co.*, 117 Me. 150, 152. See also *Waken* v. *Van Buren*, 137 Me. 127, 132; *Starks* v. *New Sharon*, 39 Me. 368, 370; *East Livermore* v. *Banking Co.*, 103 Me. 418, 429; 50 Am. Jur. 461, "Statutes," Sec. 442, and cases cited.

The first statute pleaded by the defendant in defense of this action is the statute of limitation that provides that no action shall be maintained unless commenced and served within twenty months. Revised Statutes 1954, Chapter 165, Section 17. The second statute pleaded by defendant is the statute relating to computation of time when there has been an interruption in the administration due to death, resignation, or removal, and a new administrator is appointed. The time of the interruption is not reckoned as part of the twenty months. Revised Statutes 1954, Chapter 165, Section 21. The above second statute pleaded by defendant is admittedly not material under the circumstances of this case.

The counsel for the defendant in a carefully prepared and comprehensive brief, insists that this statute of limitation is a statute of "non claim" and cites decisions from some other jurisdictions to this effect. Statutes of "non claim" not only affect the remedy but extinguish the right of recovery. Maine is not familiar with this doctrine, under such a name as against the State, where the State is not specifically referred to. In view of the many decisions of this court to the contrary, we cannot agree with it.

The Legislature has here specifically limited the State, by requiring the filing by the State of Old Age Assistance

claims within 12 months, with the further limitation that the State's claim is barred unless administration is taken out on the estate within two years following the death of the recipient or the surviving spouse, if the spouse occupies the recipient's real estate.

The only property left by the deceased in assistance cases is usually the homestead property, and as long as this homestead property is occupied as a home by the surviving spouse, and such spouse does not remarry, the Legislature has said that the State cannot enforce its claim. Revised Statutes, 1954, Chapter 25, Section 295 above quoted. The State might proceed with a suit, but judgment cannot be enforced against this real property, so long as the widow or widower occupies it as a home.

The only proper construction of these various statutes in order to carry out the legislative intent, is to hold that the State must file its Old Age Assistance claim within twelve months after the administrator has qualified, which gives notice that the State has a claim against the real estate of the deceased, but the State is not compelled to commence suit within the twenty months period. Further, the State may be obliged to await an opportunity to enforce a judgment, if the surviving spouse occupies the homestead.

The legislature has required, on the part of the State, prompt action by the State in relation to the filing of the State's claim for a return of taxpayers' money which was loaned or advanced by the State at the elderly person's request, under Old Age Assistance Laws. If the legislature had intended, however, that the State must bring action to enforce its claim within twenty months, it would have clearly and specifically so stated.

*Judgment for the Plaintiff for $1500 without interest or costs.*