STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-99-80
DHM-KEN- 11/14/2000

ALLYN CARUSO and
ALLYSON CARUSO,

     Plaintiffs

v.

STATE TAX ASSESSOR,

     Defendant

**DECISION AND ORDER**

This matter is before the court on the parties' cross-motions for summary judgment. The complaint alleges that for tax years 1992, 1993, 1994, and 1996, the Maine Revenue Service, under the direction of Anthony J. Neves in his capacity as State Tax Assessor, withheld tax refunds from the Carusos in the aggregate amount of approximately $35,000. The plaintiffs further allege that the defendant intends to continue to withhold refunds from succeeding tax years. The withholding by the defendant is in pursuit of the liquidation of a guaranty for payment of an unpaid sales and use tax originally owed by a corporate entity known as Bar Harbor Airways. The total amount of the guaranty was $100,000 arising from a settlement agreement entered into by the airline corporation, the former State Tax Assessor, Allyn Caruso as guarantor, and others on or about March 26, 1984. The corporation was obligated under the agreement to pay $3,000 per month for 120 months until its obligations were satisfied. Bar Harbor Airways failed to make timely payments for some months in 1984, 1985, 1986, 1987, 1988, and January and June of 1990. The last payment under the settlement agreement was $3,000 paid on November 15, 1990. It

appears undisputed that on or about November of 1990, successors in interest to the assets of Bar Harbor Airways, namely, Continental Airlines and Eastern Airlines, filed for protection under Chapter 11 of the United States Bankruptcy Code. Plaintiffs seek declaratory judgment that they are no longer liable under the guaranty and seek disgorgement of the amounts already withheld.

By its answer, the defendant admits that it withheld a total of $35,690 from overpayments of plaintiffs' individual income tax returns for the years 1992, 1993, 1994, and 1996. Furthermore, the State Tax Assessor counterclaims that Bar Harbor Airways continues to be indebted to the State under the settlement agreement in an amount exceeding $500,000 and that it notified the plaintiffs on September 14, 1995 of the default and nonpayment by the corporation and demanded payment on the guaranty. The defendant seeks the unpaid amount still required under the guaranty of $64,310. Both plaintiffs and defendant filed motions for summary judgment on May 31, 2000. The plaintiffs seek summary judgment on its behalf on the defendant's counterclaim, on count I of their amended complaint, and the affirmative defenses of statute of limitations, laches, and waiver. Defendant's motion alleges the lack of genuine issue as to material fact and asserting that the Assessor is entitled to judgment as a matter of law on both counts of the amended complaint as well as its counterclaim.

The defendant argues that summary judgment should be granted in its favor because there is no genuine issue of material fact, that the plaintiffs are liable under the language of the guaranty provision of the settlement agreement, and further

challenges the court's subject matter jurisdiction as to the plaintiffs alleging they have not exhausted their administrative remedies. The plaintiffs' motion for partial summary judgment is founded upon their position that the counterclaim against them arises from a purely contractual obligation rather than from a tax obligation, and that the six-year statute of limitations is applicable to the defendant and bars any recovery under the guaranty. Plaintiffs further urge that the same lapse of time is sufficient to find laches and waiver as an affirmative defense to the Tax Assessor's counterclaim.

The Revenue Service in its opposition to plaintiffs' motion for summary judgment asserts that unless specifically mentioned in the statute, the State is not bound by its language. Specifically, the defendant is not barred from recovery by a statute of limitations defense. In the alternative, it argues that under these circumstances neither waiver nor laches is applicable. The plaintiffs respond that the defendant is acting in a private rather than public capacity (by suing under a contract). Therefore, it cannot avoid the defense of statute of limitations. While the underlying subject matter of the contract was the collection from a delinquent taxpayer, Bar Harbor Airways, the action against the guarantor arises solely as a function of contract rather than the governmental function of tax collection.

The doctrines of laches and waiver are inapplicable under the circumstances. Laches is the negligence or omission seasonably to assert a right where the delay has been prejudicial to an adverse party and where it would be inequitable to enforce the right. *Fisco v. Dep't of Human Servs.*, 659 A.2d 274, 275 (Me. 1995) (quoting *Leathers*

3

*v. Stewart*, 108 Me. 96, 79 A. 16, 18 (1911)). Whether laches applies is a question of law. *Glew v. Glew*, 734 A.2d 676, 681 (Me. 1999). There is significant explanation given by the Maine Revenue Service as to why it began setting off the plaintiffs' tax refunds. There is no unreasonable and unexplained lapse of time and there is no genuine danger that maintaining the action would prejudice the Carusos.

Waiver is the voluntary and knowing relinquishment of a right and may be shown by a "course of conduct signifying a purpose not to stand on a right, and leading by a reasonable inference, to the conclusion that the right in question will not be insisted upon." *Dep't of Human Servs. v. Bell*, 711 A.2d 1292, 1294-95 (Me. 1998). The plaintiff appears to argue mere passage of time as sufficient to support his waiver theory. There is utterly no evidence to support this claim and sufficient evidence to the contrary.

The defendant raises exhaustion issues in its answer. Specifically, the Assessor argues that Caruso was required under 36 M.R.S.A. § 151 to seek administrative reconsideration in the manner prescribed under 36 M.R.S.A. § 5280, 5278(1). Because Caruso failed to do so, the defendant asserts that this court lacks subject matter jurisdiction over this action.

There are exceptions to the doctrine of primary jurisdiction excusing the nonexhaustion of administrative remedies. One of the exceptions is where the questions involved are questions of law which only the courts must ultimately decide. *See Churchill v. S.A.D. # 49 Teachers Assn.*, 380 A.2d 186, 190 (Me. 1977). The issue of the legality of the guaranty provision and the defendant's actions to

4

collect under it in the instant case are questions of law, wherein the special expertise of the administrative agency would be of no significant benefit. *See Stanton v. Trustees of St. Joseph's College*, 233 A.2d 718, 724 (Me 1963).

The court must then determine whether the Assessor was authorized by statute to withhold Caruso's overpayment of income tax to satisfy a contractual guaranty. When a court interprets a statute, it must first look to the plain meaning of the statutory language to give effect to legislative intent. *Cook v. Lisbon School Committee*, 682 A.2d 672 (Me. 1996). The Assessor states that it properly withheld Caruso's tax overpayment pursuant to 36 M.R.S.A. § 5276(1) (Supp. 1999), which states in pertinent part that:

> The State Tax Assessor . . . may credit an overpayment of income tax . . . against any liability in respect of any tax imposed under this Title on the taxpayer . . . who made the overpayment.

*Id.*

However, a fair reading of the statute reveals that the authority that is vested in the Assessor is not unlimited. Specifically, the statute authorizes the Assessor to credit against overpayment of income tax an amount equal to that to which the taxpayer is liable *in respect of any tax imposed under this Title on the taxpayer. Id.* Here, the liability amount sought by the Assessor is not a tax imposed on the taxpayer. Rather, it is a guaranty finding its origin in contract, rather than in the income tax laws of this State. Admittedly, the underlying agreement between Bar Harbor Airways and the Assessor was for the payment of delinquent taxes. The subject matter of the underlying contract does not change Carusos' status from

5

guarantor of tax payments to taxpayer. Bar Harbor Airways, in this instance, has been and continues to be the delinquent taxpayer toward which the Assessor's statutory authority to collect taxes should have been directed. The Assessor and the Carusos stand in a contractual relationship with one another and as such, the Assessor cannot exercise his extraordinary powers conferred upon him to collect tax liabilities from those against whom no tax has been imposed.[1]

"It is the general rule in Maine that the State is not bound by a statute unless expressly named therein." *State v. Crommett*, 151 Me. 188, 193 (Me. 1955) (*quoted in Jenness v. Nickerson*, 637 A.2d 1152, 1158 (Me. 1994)). Additionally, there is an almost unbroken line of authority applying the rule that time does not run against the king. *Guaranty Trust Co. of New York v. United States*, 304 U.S. 126, 132 (1938); *State v. Crommett*, 151 Me. 188, 193 (1955) (*quoted in Jenness v. Nickerson*, 637 A.2d 1152, 1158 (Me. 1994)). A determination of whether the doctrine applies in this case is dependent upon the nature of the activity engaged in by the defendant. If its activity is tax collection, then it follows that the rationale behind the doctrine is best served by denying a statute of limitations defense. Contrariwise, if the activity is purely contractual, as the plaintiffs aver, the rationale underlying the doctrine would be best served by enforcing the statute of limitations affirmative defenses against the defendant, should it apply under the circumstances. While the subject

---

[1] The court finds no contractual language imposing on the Carusos the same liability and subjecting them to the same collection methods as the taxpayer. Further, in addition to a lack of legislative authority to act as it has, public policy also militates against the Assessor's method of collection of a contractual obligation. Potential guarantors may be ill-inclined to guaranty the tax payments of a third party if by doing so the guarantor is exposed to the extraordinary tax collection methods reserved for the delinquent taxpayer.

6

matter of the underlying settlement agreement is delinquent tax payments, the guaranty provision upon which the defendant now counterclaims is contractual in nature. The Carusos would not have any other relationship with the Service were it not for the fact that they are surety to the obligation in the settlement agreement.[2]

In addition to the distinction between a statutory action for tax collection and an action to collect on a debt under a guaranty, the plaintiffs argue that the State in this case is acting in a proprietary capacity rather than a governmental capacity and that, therefore, principles of sovereignty and special consideration should not exist under these circumstances. The State argues that Maine does not distinguish between the governmental or propriety activities of the State and therefore the argument is not well founded. It would appear clear that our courts find the distinction significant for lesser governmental agencies, i.e., a municipality. For purposes of analyzing the doctrine of unjust enrichment as it might apply to a municipality in a contractual sense, the court may consider circumstances as to whether the municipality was acting in its governmental capacity or a proprietary capacity. This doctrine was clearly recognized in a 1994 decision of our Law Court. *A.F.A.B., Inc. v. Old Orchard Beach*, 639 A.2d 103 (Me. 1994), *see* footnote 4. If the State Tax Assessor is going to engage in contracts for the collection of taxes through the use of guaranties, this court finds no rationale to suggest that collection on said contracts should be given consideration under the tax laws. Further, the court notes

---

[2] The State Tax Assessor is clearly influenced by the fact that was argued at oral argument that Mr. Caruso was an officer and major shareholder in Bar Harbor Airways.

that the contract did not call for the plaintiffs to guaranty the payment of taxes, but to guaranty the "performance" by the corporation under the settlement agreement. Such language further removes the unequivocal identification of the obligation as the payment of taxes.

The parties agree that Bar Harbor Airways failed to make any payments to the State pursuant to the settlement agreement after November 15, 1990. Title 14 M.R.S.A. § 752 provides a six-year statute of limitation. The cause of action in contract accrues at the time of a breach. *Dugan v. Martel,* 588 a.2d 744 (Me. 1991); *Burke v. Hamilton Beach Div., Scovill Mfg. Co.,* 424 A.2d 145 (Me. 1981). The defendant's statement of material facts does not deny that it had notice of the change in ownership of Bar Harbor Airways and the succeeded bankruptcies of Eastern and Continental Airlines. Its appears undisputed that the bankruptcies of Eastern and Continental Airlines occurred in 1990 or 1991. Defendant's counterclaim is dated February 16, 2000, filed with the court on the same date.

The withholding action by the State in accordance with 36 M.R.S.A. § 5276 (1) is not the collection of a tax imposed under the Title on the taxpayer who made the overpayment but is an action on a guaranty contract for collection of a debt. Accordingly, the State Tax Assessor has no authority to withhold in accordance with that provision.

8

For all the reasons stated above, the entry will be:

Summary judgment GRANTED for the plaintiffs on its complaint and on defendant's counterclaim; defendant's motion for summary judgment is DENIED; judgment for plaintiffs on count I of their complaint and on the counterclaim.

Dated: November 1⁴, 2000

Donald H. Marden
Justice, Superior Court

9

Date Filed __4/14/99__     __Kennebec__     Docket No. __CV99-80__
                                 County

Action __Damages__

# J. MARDEN

DONALD L.
LAW

## DEC 4 2000

Allyn and Allyson Caruso      vs. State Tax Assessor

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| John P McVeigh,Esq.<br>One City Center<br>PO Box 9546<br>Portland Me 04112 | Stanley W. Piecuch, AAG (5/11/99)<br>6 State House Station<br>Augusta, Maine 04330-0006 |

| Date of Entry | |
|---|---|
| 4/14/99 | Complaint filed. s/McVeigh,Esq.<br>PT scheduling statement mailed to Atty. |
| 5/10/99 | Original Summons with return service made upon Anthony J.Neves, State Tax Assessor on 4/15/99, filed. |
| 5/11/99 | Answer of State Tax Assessor, filed. s/Piecuch, AAG |
| 5/14/99 | SCHEDULING ORDER, FILED, Atwood, J. (dated 5/13/99)<br>Discovery deadline is January 13, 2000.<br>Copies mailed to attys of record. |
| 10/12/99 | Notification of Discovery Service, filed. s/Piecuch, AAG<br>Assessor's First Request for Production of Documents Directed to Plaintiffs served on John P. McVeigh, Esq. on 10/8/99 |
| 12/1/99 | Copy of Exhibit A, filed. s/Piecuch, AAG |
| 12/10/99 | ORDER COMPELLING PRODUCTION OF DOCUMENTS, Marden, J.<br>"Order Compelling Production of Documents filed. Attested copy of order sent to counsel of record. This Order is incorporated into the docket by reference at the specific direction of the court."<br>Attested copies mailed to attys. of record. |
| 12/23/99 | Notification of Discovery Service, filed. s/McVeigh, Esq.<br>Response to Request for Production of Documents served on Stanley W. Piecuch, Esq. on 12/22/99 |
| 12/28/99 | Notice of discovery service filed. s/McVeigh Esq<br>Notice of deposition of Anthony J Neves (or designated representative) served on Stanley W Piecuch AAG on 12/23/99. |
| 12/30/99 | Notice of discovery service filed. s/Piecuch AAG<br>Assessors notice of oral deposition of Allyn Caruso served on John McVeigh Esq. on 12/29/99. |