STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-04-01
SKS - KEN - 9/21/2004

JOSEPH FEGAN,

Petitioner

v.

DEPARTMENT OF
HUMAN SERVICES
and SUZANNE BASSETT,

Respondents

**DECISION ON APPEAL**

DONALD L. GARBRECHT
LAW LIBRARY

NOV 5 2004

This matter comes before the court on the petitioner's request for review pursuant to M.R. Civ. P. 80C. The review will be of a decision of the Maine Department of Human Services (DHS) dated December 3, 2003, which found that the petitioner was in arrears in the amount of $27,723.39 for child support for the period January 31, 1992 through July 21, 2003. Finding no error of law or abuse of discretion, the appeal will be denied.

## Background

This case involves a dispute over whether respondent DHS may maintain an action for child support arrearages despite a failure to give the petitioner notice under various Maine statutes of this claim and of the petitioner's right to seek modification of the support order. In January of 1988, Suzanne Bassett (previously Suzanne Fegan) filed for divorce in Massachusetts. This filing was dismissed and by stipulation of the parties the respondent, Joseph Fegan, father of five children, agreed to pay $100 per week in child support through the Massachusetts court. In August 1999, Mrs. Fegan moved to Maine, where she began receiving public assistance. Mr. Fegan continued to

live in Massachusetts. On June 21, 1990, Mrs. Fegan filed a complaint for divorce in the Skowhegan Maine District Court.

The Maine divorce proceeded in fits and starts. Eventually, the matter came on for hearing in the winter of 1991-1992. The petitioner elected not to attend the hearing for the divorce, allegedly on the advice of his Massachusetts' probation officer. On January 31, 1992, a final divorce judgment was entered, which included an order that the petitioner pay $105 per week child support directly to the Department of Human Services. This was later amended to $118 per week by an order dated May 8, 1992. A month and a half after the initial divorce judgment, the petitioner began a nine-year prison term. He was finally released on March 27, 2001. While in prison, Fegan paid no child support. Petitioner asserts that while in prison he assumed that no child support obligations would accrue under the original Massachusetts court order due to his inability to pay, and further that he did not know of the Maine divorce order. Fegan does not indicate any support for his assumption and this court does not believe that he was unaware of the Maine divorce judgment, since a copy was sent to him.

The petitioner was contacted by DHS in September of 1993 with a questionnaire relevant to Maine child support. This was sent to him in prison. Fegan presented this letter to his prison caseworker who contacted DHS and learned that Fegan was $2,500 in arrears on his child support. According to the petitioner, he asked his eldest daughter to make copies of support checks and send them to DHS with regard to this notification. The next contact petitioner had with DHS was a Notice of Debt in the amount of $35,940.39 sent to him in July of 2003.

The petitioner entered an appeal of the notice of debt and a hearing was held on October 15, 2003. The DHS decision following the hearing corrected the amount of child support owed to $27,723.39, but the Department hearing officer made no findings

or conclusions on the petitioner's argument concerning insufficient notice from the Department or on his arguments regarding equitable relief. A timely appeal of the DHS decision was filed.

## Discussion

The petitioner does not dispute the factual finding of the Department concerning the arrearage in child support. Rather, he attacks the decision of the Department on the basis that he did not receive notification of his ability to request a modification of child support, as required by Maine statute; that the finding of the arrearage violates his constitutional due process rights; and that DHS should be estopped or barred by laches from enforcing the arrearage. These arguments will be considered in order.

The first argument is based upon a combination of federal and state legislation. Pursuant to the pre-1996 version of the Family Support Act, 42 U.S.C.A. § 666(a)(10), and companion legislation passed in Maine by the 114th Legislature, the petitioner asserts that he was entitled to review of his child support obligations every three years, notice of the outcome of the review and notice of a right to initiate proceedings to challenge the outcome of the review. The Maine legislation states:

> In all cases in which the department is responsible for enforcement of a support obligation assigned to the department under section 512, the department shall review, for compliance with the state's child support guidelines pursuant to this subchapter, child support obligations established by orders issued by the courts of this State or by administrative decisions issued by the department. Reviews of child support orders in which the current support obligation is assigned to the department must occur no less often than every three years, except as provided by rule.

19 M.R.S.A. § 320(1) (1995). In addition, effective October 1, 1997, the Legislature enacted legislation which requires DHS to send an annual statement of arrearages to all obligors who owe past child support (19-A M.R.S.A. § 2156) and requiring written notice to all parents "[n]ot less than once every three years" inform obligors under

support order of their right to have the support reviewed (19-A M.R.S.A. § 2157). However, the effect of section 2157 is to put the responsibility for initiating review squarely upon the parent subject to a support order.

The various notice and review requirements of the statute set forth above, with their various effective dates, are relevant to the petitioner's argument only if they are deemed to create an individual right to a remedy. The legal and practical effect of the petitioner's argument is that if DHS fails to send a notice or conduct a review, individuals who owe child support payments under court order have the right to have that obligation vacated. However, the petitioner has not presented, nor has the court found, any support for the proposition that this was the intent of Congress or the Maine Legislature. There is no evidence from the statutes themselves or from the legislative history to indicate an intent to create an individual right or that child support obligations would be waived or vacated in the event of violation of such right.

The petitioner's second argument concerns constitutional due process. Citing *Griffin v. Griffin*, 327 U.S. 220; 66 S.Ct. 566; 90 L.Ed. 635 (1946), the petitioner argues that he has a property interest in the child support obligation such that he is entitled to notice and an opportunity for hearing before such child support is established. This argument seems to ignore the petitioner's concession that he was aware of the pending divorce action and had notice of the pending hearing in Maine, which he decided not to attend allegedly on the advice of his probation officer. Whatever the probation officer said, the petitioner clearly had notice and an opportunity to be heard whether he chose to take advantage of that opportunity or not. With regard to the present proceedings on the arrearages, the petitioner has received his due process in the form of the Notice of Debt and the departmental and court appeal proceedings which followed. There was no violation of due process.

Finally, the petitioner asserts equitable defenses of laches and equitable estoppel. The court agrees with the respondent that our Law Court has clearly stated that laches is not a defense in an action for money judgment and law. *Strickland Realty v. Cousens Realty, Inc.*, 484 A.2d 1006 (Me. 1984). The court also agrees that the petitioner has failed to show any detrimental reliance upon the failure of DHS to present interim bills. The doctrine of laches is not available in the case of collection of child support arrearages and the petitioner presents no law to the contrary.[1]

The petitioner's final argument is one of collateral estoppel – namely that DHS misled the petitioner through affirmative statements and silence into detrimental reliance. However, the equitable defense simply does not apply. *Carter v. Carter*, 611 A.2d 86 (Me. 1992).

In conclusion, it ultimately was the petitioner's responsibility, not DHS's, to keep track of his child support obligations and apply for any modification of those obligations. To the extent that the respondent's incarceration may have reduced his income, his child support obligation might have been reduced upon application to the court, but it was not DHS's responsibility to make such application and neither federal nor state review laws create a property interest or mandate an impermissible retroactive reduction in the amount of support. The respondent suggests his assumption that his incarceration in some way automatically absolved him from paying child support payments, yet, by his own admission, the petitioner must not have been secure in this belief since he admits contacting his caseworker to look into the 1990 notification.

---

[1] To the extent that the collection action is being instituted by a state agency and that its collections would go to replenish the state coffers, an argument could be made that the common law concept of *nullum tempus occurrit regi* ("no time runs against the king") might apply by analogy. *State v. Crommett*, 116 A.2d 614 (Me. 1955). However, neither party raised or discussed this possible issue, and it is not necessary for the court to decide it for purposes of the decision on appeal.

For the reasons stated above, the entry will be:

The appeal is DENIED and the matter is REMANDED.

Dated: September 21, 2004

S. Kirk Studstrup
Justice, Superior Court

Date Filed __1/5/04__ __Kennebec__ Docket No. __AP04-01__

County

Action ___Petition for Review___

80C

# J. STUDSTRUP

___Joseph Fegan___ VS. ___Department of Human Services & Suzanne___

Plaintiff's Attorney

Clifford H. Ruprecht, Esq.
One Monument Square
Portland, Maine   04101

Defendant's Attorney                    Bassett

David Cloutier, AAG
Office of Attorney General
6 State House Station
Augusta   ME   04333-0006
Heidi D. Silver, AAG

| Date of Entry | |
|---|---|
| 1/5/04 | Petition for Review of Final Agency Action Under M.R.Civ.P. 80C and the Maine Administrative Procedures Act, filed. s/Ruprecht, Esq. Application of Plaintiff to Proceed Without Payment of Fees, filed. s/Joseph Fegan Indigency Affidavit, filed. s/Joseph Fegan |
| 1/7/04 | ORDER ON APPLICATION TO PROCEED WITHOUT FEES, Studstrup, J. The filing fee is waived and the service costs. Copies mailed to atty. |
| 2/4/04 | Return of service made upon Andrew Ketterer, Esq. on 1/2/04. Return of service made upon Department of Human Services on 1/2/04. Return of service made upon Office of Attorney General on 1/2/04. Return of service made upon Suzanne Bassett on 1/15/05. |
| 2/5/04 | Entry of Appearance on behalf of Respondent, Department of Human Services, filed.  s/D. Cloutier, AAG.  (Record to be prepared and the Commissioner requests that the decision under review be affirmed.) |
| 2/26/04 | Certified Record, filed. |
| ------ | Notice of briefing schedule mailed to attys. |
| 4/6/04 | Brief of Petitioner with Appendix A, filed.  s/C. Ruprecht, Esq. |
| 5/5/04 | Maine Department of Human Services's Motion for Enlargment of Tim e with Proposed Order, filed.  s/H. Silver, Esq. |
| 5/5/04 | ORDER ON MOTION FOR ENLARGEMENT, STUDSTRUP, J. The Department will submit their brief by May 28, 2004. Copies mailed to attys of record. |
| 5/28/04 | Brief of the Department of Human Services, filed. s/Silver, AAG Certificate of Service, filed. s/Silver, AAG |
| 6/14/04 | Reply Brief of Petitioner, filed. s/Ruprecht, Esq. |
| 8/11/04 | Hearing had on oral arguments, Hon. Kirk Studstrup, Presiding. (no courtroom clerk) Case taken under advisement. |