**TOWN OF BAR HARBOR**

v.

**Robert E. EVANS.**

Supreme Judicial Court of Maine.
Argued Sept. 10, 1985.
Decided Oct. 17, 1985.

█

---

Before McKUSICK, C.J., and ROBERTS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

McKUSICK, Chief Justice.

On December 12, 1984, on the complaint of the Town of Bar Harbor, the Superior Court (Hancock County) enjoined the use of the plumbing in defendant Robert E. Evans' house in Bar Harbor and also the discharge of raw sewage therefrom until all its sewage drains are tied into the public sewer system or otherwise brought into compliance with the Town's sewer ordinance. On his appeal, Evans does not contest the Superior Court's determination that he was in violation of the Bar Harbor ordinance by discharging raw sewage from his house onto a nearby beach and into the waters of Frenchman Bay. Rather, he makes two arguments why injunctive relief was inappropriate despite his ordinance violations. We find both arguments utterly without merit.

First, Evans argues that the Town failed to prove that it has no adequate remedy at law. This argument rests on the fallacious premise that the absence of such an alternative remedy is a matter for evidentiary proof or refutation by the parties. On the contrary, "[w]hether a litigant seeking equitable relief has an adequate remedy at law is a question of law." *Loose-Wiles Biscuit Co. v. Deering Village Corp.*, 142 Me. 121, 126, 48 A.2d 715, 717 (1946). At no time has Evans suggested any remedy other than equitable relief that would abate the public nuisance he was maintaining. Nor could he. Traditionally, the courts of equity have recognized that only an injunction can give completely effective relief against a public nuisance. *See* 14 M.R.S.A. § 6051(5) (1980) ("nuisance" as a branch of "equity jurisdiction"); *Town of Houlton v. Titcomb*, 102 Me. 272, 286, 66 A. 733 (1906) (injunction against a public nuisance maintained in violation of town ordinance). For the public represented by the Town of Bar Harbor, it was an injunction or no real remedy at all.

---

Bernard C. Staples (orally), Bar Harbor, for plaintiff.

Walker & Ross Michael L. Ross (orally), Ellsworth, for defendant.

Second, Evans argues that the "clean hands" doctrine bars the Town from obtaining equitable relief because Henry Cattley, an independent engineer planning the Town's new sewer system in the early 1970's, had told Evans that he would have little or nothing to do to connect into the proposed public sewer. Cattley made that statement to Evans on the basis of a mutual misunderstanding that Evans' private line was already connected to the old public sewer. Even if we assume *arguendo* that Cattley was speaking as an agent of the Town, his advice to Evans does not bring into play the principle that "he who comes into equity must come with clean hands." His advice, made innocently through a mutual mistake of fact, hardly made the Town "guilty of conduct in violation of the fundamental conceptions of equity jurisprudence," so that "the doors of the court will be shut against [the Town] *in limine.*" 2 J. Pomeroy, *Equity Jurisprudence* § 397, at 91–92 (5th ed.1941). Furthermore, Evans has cited no authority for holding the Town to a duty of advising homeowners on how to comply with its sewer ordinance. *Cf. Harrington v. Town of Garland,* 381 A.2d 639, 641–42 (Me.1978) (requirement that counterclaimant Town "do equity" met where no showing made of "any duty in the Town to act otherwise than it did").

The entry is:

Judgment affirmed.

All concurring.