Sue Fen CARTER a/k/a Su Feng Shih

v.

David A. CARTER.

Supreme Judicial Court of Maine.

Submitted on Briefs June 5, 1992.

Decided July 24, 1992.

Tobi L. Schneider, Waterville, Raymond Ritchie, Asst. Atty. Gen., Augusta, for plaintiff.

James A. Mitchell, Butler, Whittier & Laliberty, Waterville, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

WATHEN, Chief Justice.

Defendant David A. Carter appeals from a judgment ordering him to pay an arrearage of $17,129 for child support accruing from October 28, 1978, to November 29, 1989. The District Court (Waterville, *Westcott, J.*) found defendant liable for the arrearage even though the parties had not been in contact during that time and plaintiff and the children had been out of the country. The Superior Court affirmed (Kennebec County, *Alexander, J.*). On appeal, defendant challenges the District Court's failure to apply equitable estoppel, waiver, laches, or the statute of limitations to reduce or eliminate his support obligation. Finding no error, we affirm.

■ The District Court made detailed findings of fact that, briefly summarized, established the following: The parties were divorced in October 1978, and have two minor children (a daughter, now eighteen, adopted by defendant, and a son, now fifteen, born to the parties). The court ordered defendant to pay child support in the amount of $30 per week plus medical expenses, and provided for his visitation with the children on alternate weekends. Two months after the divorce, with defendant's assistance and knowledge, plaintiff and the children returned to her family in Taiwan, remaining abroad until 1989, when they moved to California. Defendant has been regularly employed since the time of the divorce, was capable of making all child support payments as they became due, and

currently has the ability to pay the arrearage. Defendant's argument is essentially that plaintiff's eleven-year delay in seeking child support combined with her failure to notify him of her location or to provide visitation relieves him of his support obligation by virtue of estoppel, laches, waiver, or expiration of the statute of limitations.

Assuming estoppel, laches, or waiver could defeat an action for support arrearages (as has been found in some jurisdictions),[1] defendant has failed to make the showing necessary to establish each of these defenses. "Before the doctrine of equitable estoppel may be invoked, the declarations or acts relied upon must have induced the party seeking to enforce an estoppel to do what resulted to his detriment and what he would not otherwise have done." *Roberts v. Maine Bonding & Casualty Co.*, 404 A.2d 238, 241 (Me.1979). Defendant has failed to show how he has changed his position in reliance on plaintiff's nonenforcement of the court-ordered obligation. The court's order merely requires him to pay what he had owed for many years. Similarly, the doctrine of laches requires a showing that the delay caused prejudice to him, and defendant has not shown that he undertook any obligation that he would have forsaken. Defendant has also failed to establish that plaintiff intentionally relinquished her entitlement to child support. *See Kraul v. Maine Bonding & Casualty Co.*, 559 A.2d 338 (Me.1989) (waiver requires the intentional relinquishment of a known right).

■ Finally, defendant argues that the six-year statute of limitations should apply to bar plaintiff's claim for arrearages accruing before November 1983. The applicable statute provides:

All civil actions shall be commenced within 6 years after the cause of action accrues and not afterwards, except actions on a judgment or decree....

14 M.R.S.A. § 752 (1980). This is our first occasion to address the application of this statute to an action for child support arrearages. The pertinent question is whether past due payments of child support are the equivalent of "judgments" falling within the exception for actions based on judgments or decrees. Most jurisdictions considering this question have so found, reasoning that because past due child support payments cannot be modified retroactively, each payment becomes a judgment debt as of the date due. *See* 2 H. Clark, *The Law of Domestic Relations* 394–95 (1987); *Hauck v. Schuck*, 353 P.2d 79 (Colo.1960) and *Koon v. Koon*, 50 Wash.2d 577, 313 P.2d 369 (1957) (accrued installments of support are final judgments for purposes of statute of limitations); *In re Marriage of Hooper*, 247 Mont. 322, 806 P.2d 541 (1991) (ten-year statute of limitations for actions on judgments applies to action for support arrearages); *Seeley v. Park*, 532 P.2d 684 (Utah 1975) (installments for support are judgments and execution may issue for the accumulated arrearages). *But see Griffin v. Avery*, 120 N.H. 783, 424 A.2d 175, 176 (1980) (a decree of child support is like a note providing for payment of a debt in installments; "[a]s each installment becomes due the payee has a vested right in the debt but that does not relieve him of the necessity to sue on the note and allow a court to determine the rights of the parties if the payor defaults"); *Brun v. Rembert*, 227 Ark. 241, 297 S.W.2d 940, 942 (1957) (noting that execution could not issue on the original decree, as "it is necessary to ascertain from time to time the amount of arrearages due and then render judgment for the specific amount"). Our past decisions on child support arrearages are in accord with the reasoning of the majority. In *Wood v. Wood*, 407 A.2d 282, 287 (Me.1979), we held that subject to certain exceptions not relevant here, a divorce court is without authority to retroactively modify an order of child support, and in *Tapman v. Tapman*, 544 A.2d 1265, 1268 (Me.1988), we adopted the rule that the right to the payment of support becomes vested as it becomes due. Thus an order of child support is essentially a "judgment in monthly installments," *see Britton v.*

---

1. *See* Annotation, *Laches or acquiescence as defense, so as to bar recovery of arrearages of* *permanent alimony or child support,* 5 A.L.R.4th 1015 (1981 & Supp.1991).

*Britton,* 100 N.M. 424, 428, 671 P.2d 1135, 1139 (1983), and for the purposes of section 752 the enforcement of such an order is an action on a judgment. As Maine does not have a statute of limitations for such actions,[2] plaintiff's claim is not barred.

The entry is:

Judgment affirmed.

All concurring.

2. 14 M.R.S.A. § 864 (1980) creates a presumption of payment of obligations accruing by virtue of judgments or decrees after the lapse of twenty years; this section does not, however, bar actions after that time.