**Charles SCHNEIDER**

v.

**DEPARTMENT OF HUMAN SERVICES.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 17, 1992.
Decided Dec. 3, 1992.

**212**

Mary B. Najarian, Asst. Atty. Gen., Dept. of Human Services, Portland, for appellant.

Martin Schindler, South Portland, for appellee.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

ROBERTS, Justice.

The Department of Human Services (DHS) appeals from a judgment entered in the Superior Court (Cumberland County, *Alexander, J.*) granting Charles Schneider partial relief from a DHS decision finding him liable for a child support debt. We vacate the judgment.

Charles Schneider and Barbara Loy were divorced in Massachusetts in March 1977. Under the terms of the divorce judgment, Schneider was ordered to make payments to Loy for support of their minor child. Schneider made no support payments until February 1981.

In December 1990, Loy, a Connecticut resident, petitioned the Connecticut Superior Court to enforce the child support order. Because Schneider is a Maine resident, DHS pursued the collection of the past due support payments pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA), 19 M.R.S.A. §§ 331–420 (1981 & Supp.1991), and supplementary statutes, 19 M.R.S.A. §§ 491–516 (1981 & Supp.1991). Schneider was served with a notice from DHS showing that he had incurred a child support debt of $5,640. Schneider then sought administrative review.

The hearing officer found that Schneider owed child support arrearage of $4,820 and concluded that because of the limitations in 19 M.R.S.A. § 515(2–A)(B) (Supp.1991), she lacked jurisdiction to consider the equitable defenses raised by Schneider. Schneider challenged the DHS action in the Superior Court on the ground of laches. The court sustained Schneider's defense and discharged $4,000 of the arrearage that accrued between March 1977 and February 1981. This appeal followed.

While acknowledging a split of authority in other jurisdictions, we recently left unanswered the question whether the defense of laches can defeat an action for child support arrearage. *See Carter v. Carter*, 611 A.2d 86, 87 (Me.1992). Nor do we need to answer that question in the present case because the record is devoid of any evidence showing prejudice to Schneider's rights because of Loy's delay in requesting full payment of the child support owed her. Laches cannot be predicated on delay alone. *Id.* at 87; *Tewksbury v. Noyes*, 138 Me. 127, 135, 23 A.2d 204, 207 (1941). Because Schneider failed to establish the elements necessary to apply the doctrine of laches, the court erred in discharging the $4,000 child support arrearage owed by Schneider. *See Carter v. Carter*, 611 A.2d at 87.

The entry is:

Judgment vacated.

Remanded to the Superior Court for entry of a judgment affirming the decision of the Department of Human Services.

All concurring.