**William K. TRIMBLE,**

v.

**COMMISSIONER, DEPARTMENT OF HUMAN SERVICES.**

Supreme Judicial Court of Maine.

Argued Nov. 2, 1993.

Decided Dec. 20, 1993.

Sheila R. McLaughlin (orally), Douglas, Whiting, Denham & Rogers, Portland, for appellant.

Mary B. Najarian (orally), Asst. Atty. Gen., Dept. of Human Services, Portland, for appellee.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

CLIFFORD, Justice.

William K. Trimble appeals from a judgment entered in the Superior Court (Cumberland County, *Brennan, J.*) affirming a decision by the Commissioner of the Department of Human Services [1] to uphold the claim of the Department of Human Services (DHS) of $36,500 in child support arrearages pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA), 19 M.R.S.A. §§ 331–420 (1981 & Supp.1992). Trimble alleges that he was denied opportunities to present equitable defenses that should have defeated the URESA action. Finding no error, we affirm the judgment of the Superior Court.

The record reflects that William Trimble and Tana Trimble (now Tana Harben, here-

---

1. A hearing officer made the administrative decision acting on behalf of the Commissioner of the Department of Human Services. *See Baffer v.* *Department of Human Servs.*, 553 A.2d 659, 662–63 (Me.1989).

inafter referred to as "Harben") were divorced by a decree entered in the District Court of El Paso County, Texas, on June 11, 1981. The parties had two minor children. The decree stated that the children would reside with Harben and that Trimble would pay child support to Harben of $500 monthly, amounting to $250 per child, until each child reached the age of 18. The decree also set forth a visitation schedule that called for the children to spend alternating major holidays and one month each summer with their father.

According to Trimble, Harben began denying him visitation with the children in 1981. Trimble initiated contempt proceedings in the divorce court, and the summer 1982 visit took place as scheduled. His last visit with the children pursuant to the divorce decree was at Christmas of 1982. Rather than pursue further remedial action in court, Trimble ceased making child support payments to Harben in November of 1983. Trimble testified that he took this action on receiving a letter from one of the children, bearing a German postmark, informing him that neither of the children would be having any further contact with him.

Trimble testified that in 1988, Harben offered to permit him to resume contact with the children if he would relinquish to her his custodianship of the children's $12,000 mutual fund. He did so, but contact did not resume. One of the children ran away from home, and in 1989 came to live with Trimble. Trimble testified that in mid–1989, he attempted to resume support payments of $250 in exchange for Harben's promise to permit renewed contact with the other child, but his checks were returned to him and he was not able to resume contact.

Trimble now resides in Standish. Harben lives in the state of Alabama, where she began a URESA action to seek support arrearages due from Trimble. On October 3, 1990, the Juvenile Court of the 23rd Judicial Circuit of Alabama found a support arrearage of $36,000 and forwarded the petition to the Maine Department of Human Services for further proceedings. *See* 19 M.R.S.A. § 400 (1981 & Supp.1992) (designating the DHS as the "state information agency" that receives and acts on URESA petitions from other states). Following an administrative hearing pursuant to 19 M.R.S.A. § 515 (1981 & Supp.1992), at which Trimble testified and argued that the equitable defense of laches should defeat the support enforcement action, the hearing officer found an arrearage of $36,500.[2]

Pursuant to M.R.Civ.P. 80C, Trimble then sought review of the Commissioner's final agency action in the Superior Court. After an initial hearing, the court denied Trimble's motion to have the court take additional evidence pursuant to M.R.Civ.P. 80C(e), with respect to the equitable defenses Trimble was seeking to assert. Following a hearing on the merits, the court affirmed the support debt as determined by the hearing officer. Trimble then filed this appeal.

■ Trimble argues that pursuant to Rule 80C(e), he should have had an opportunity to present evidence to the Superior Court as to the equitable defenses of laches, waiver, and estoppel. We review the court's denial of the Rule 80C(e) motion for an abuse of discretion. *Carl L. Cutler Co. v. State Purchasing Agent,* 472 A.2d 913, 919 (Me.1984).

The administrative record demonstrates that Trimble relied primarily on laches, not really pursuing the issues of waiver or estoppel before the hearing officer. Trimble also conceded at oral argument before this court that essentially all of his evidence as to equitable defenses is already in the record. Similarly, the written offer of proof Trimble filed with the Superior Court does not recite what, if any, additional evidence relevant to equitable defenses Trimble wished to present. *See* M.R.Civ.P. 80C(e) (requiring "a detailed statement, in the nature of an offer of proof, of the evidence intended to be taken.")

■ A party to a support enforcement proceeding is not precluded from presenting

---

**2.** To the figure of $36,000 found by the Alabama court, and which Trimble does not dispute is unpaid, the hearing officer added $500, representing the March 1983 payment that Harben had no record of having received. Trimble made all other support payments for 1983. On appeal, he does not challenge the addition of this $500 to his support debt.

evidence on equitable issues at an administrative hearing. Although the DHS is without jurisdiction to consider equitable issues in support of enforcement proceedings, the applicable DHS regulation contemplates the presentation of some equitable issues evidence at the administrative level.[3]

■ During the hearing, Trimble acknowledged before the hearing officer that equitable defenses "cannot be addressed" at the administrative level. Nevertheless, Trimble testified at length about Harben's repeated violation of the provisions of the divorce decree concerning visitation, of the messages he received to the effect that he would no longer be permitted contact with the children, and of Harben's refusal to accept support payments tendered in 1989. Since Trimble can point to no evidence not already in the administrative record that was before the Superior Court, the Superior Court acted within its discretion in determining that the record was sufficient for judicial review.

■ Trimble also contends that the evidence he has presented is sufficient to defeat this URESA action. We disagree. The question of whether laches, waiver, or estoppel can defeat an action for child support arrearages is one that we have declined to answer in two recent cases. *Schneider v. Department of Human Servs.*, 617 A.2d 211, 212 (Me.1992); *Carter v. Carter*, 611 A.2d 86, 87 (Me.1992); *but see Jack v. Department of Human Servs.*, 556 A.2d 1093, 1095 (Me. 1989) (suggesting that laches is not a valid defense when it is the State that is seeking to enforce a support debt). Trimble, however, has presented insufficient evidence in this case to establish any of these defenses. The record is devoid of any evidence showing the kind of detrimental reliance, change of position, or prejudice to the payor spouse resulting from the payee spouse's delay in requesting full payment of the child support owed her to constitute laches. *Schneider*, 617 A.2d at 212; *Carter*, 611 A.2d at 87. Nor does the evidence demonstrate estoppel or waiver. *Id.*

Trimble seeks to distinguish *Carter* by pointing out that *Carter* involved a payee spouse who moved out of the country with the assistance of the payor spouse, without providing him with a forwarding address, and then did not seek support payments for eleven years. *Id.* at 86–87. By contrast, the record here suggests that Trimble actively sought to maintain a parental relationship with his children through visitation, that Harben summarily and without justification refused to permit visitation and thus was in violation of the divorce decree, and that Trimble ceased making support payments more out of desperation than out of neglect of his obligations pursuant to the decree. As the Superior Court noted, these factual assertions are worthy of a sympathetic ear, but the proper forum for redressing Harben's violation of the divorce decree would have been a court with jurisdiction to modify and enforce the decree. We have never sanctioned the kind of self-help to which Trimble resorted by simply ceasing payments when his former wife stopped permitting visitation. *See Wood v. Wood*, 407 A.2d 282, 288 (Me. 1979). We reiterate that position here.

The entry is:

Judgment affirmed.

All concurring.

---

3. The regulation provides:

In the event the hearing officer presiding at a hearing determines that he lacks jurisdiction to render a decision on one or more issues ... a written decision shall nevertheless be rendered with respect to any issue with respect to which the hearing officer has determined he lacks jurisdiction. The decision shall contain a finding with regard to such determination of lack of jurisdiction, which finding shall be sufficiently specific to enable ... in the case of a responsible parent, to be able to initiate a proceeding pursuant to Rule 80C of the Maine Rules of Civil Procedure, or, in the case of either party, to be able to describe with clarity such issue(s)/findings in any other judicial or administrative proceeding.

Me.Dept.Hum.Serv.Reg. ch. 11, § 6.