**Wayne Scott ASHLEY**

v.

**STATE of Maine.**

Supreme Judicial Court of Maine.

Submitted on Briefs April 27, 1994.

Decided May 31, 1994.

Laurie Anne Miller, Joseph L. Farris, Ferris, Dearborn & Willey, Brewer, for plaintiff.

Michael E. Carpenter, Atty. Gen., Garry L. Greene, Asst. Atty. Gen., Augusta, for State.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN and DANA, JJ.

ROBERTS, Justice.

. Wayne Scott Ashley appeals from a judgment entered in the Superior Court (Penobscot County, *MacInnes, A.R.J.*) affirming a decision of the Department of Human Services (DHS) hearing officer that required him to pay $6,030 in child support arrearages. Ashley contends that the hearing officer should have considered an agreement Ashley made with his former wife to pay an amount of child support regardless of the divorce court's order to pay a greater amount. Not only is Ashley's defense without merit, the DHS is without jurisdiction to consider his equitable defense of estoppel. *Trimble v. Commissioner, Dept. of Human Servs.*, 635 A.2d 937, 939 (Me.1993); 19 M.R.S.A. § 515(2–A)(B) (Supp.1993).

Ashley's estoppel defense could not prevail on the facts of this case because his reliance on a private agreement with his former wife to ignore the court order to pay child support was neither reasonable nor justifiable. The divorce court had rejected the parties' proposal of $100 per week for child support and suggested they obtain counsel if they did not agree with the court's proposal of $150. The couple returned to court, without counsel, and acquiesced in an order of $150 per week while agreeing between themselves that Ashley would pay $100. Conduct such as Ashley's frustrated the court's power to determine the amount of child support and cannot be countenanced. *See Waterville Homes,*

*Inc. v. Maine Dept. of Transp.,* 589 A.2d 455, 457 (Me.1991); *see also* 28 Am.Jur.2d *Estoppel and Waiver* § 39 (1966) ("a purpose which cannot be accomplished directly because the particular person lacks the power or capacity to do so cannot be accomplished indirectly by an estoppel of that person"). The order that Ashley pay arrearages "merely requires him to pay what he had owed for many years." *Carter v. Carter,* 611 A.2d 86, 87 (Me.1992).

The entry is:

Judgment affirmed.

All concurring.