Richard J. FISCO

v.

**DEPARTMENT OF HUMAN SERVICES.**

Supreme Judicial Court of Maine.

Argued March 29, 1995.

Decided May 30, 1995.

Peter E. Rodway (orally), Portland, for plaintiff.

Mary B. Najarian (orally), Asst. Atty. Gen., Augusta, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

RUDMAN, Justice.

The Department of Human Services (DHS) appeals from the judgment entered in the Superior Court (Cumberland County, *Brennan, J.*) holding that the doctrine of laches bars DHS, acting on behalf of Janet Westhoff, from recovering child support arrearages from Richard Fisco. We review the decision of the Superior Court based on the evidence developed at the administrative review hearing and even though our review is deferential, the decision is clearly erroneous. We therefore vacate the judgment.

Fisco and Westhoff divorced in New York in November 1979. The divorce decree ordered Fisco to pay Westhoff $75.00 per week in child support. He satisfied this support obligation until May 1980, when Westhoff presented Fisco with a written modification agreement that released Fisco from his support obligation and terminated his visitation rights. The proposal recited that Westhoff was employed, remarried, and able and willing to support the children. Westhoff signed this agreement and had it notarized. Fisco never signed it.

In 1992, Westhoff filed a uniform support petition in Suffolk County, New York. Pursuant to the Uniform Reciprocal Enforcement of Support Act, 19 M.R.S.A. § 331–420 (1981 and Supp.1994),[1] the Suffolk County

---

1. Repealed effective July 1, 1995 by P.L.1993, c. 690, § A–1. Many of the provisions will be in-  corporated in the Uniform Interstate Family

Family Court forwarded the petition to DHS in Maine, where Fisco had settled after his divorce from Westhoff. DHS issued a notice of debt to Fisco in December 1992 claiming that he owed $50,625 in child support arrearages to Westhoff for the support of his two children. At the administrative review hearing, Fisco raised the defense of laches and presented evidence he considered pertinent. The hearing officer acknowledged that the consideration of such a defense was beyond his jurisdiction.[2] *See Ashley v. State*, 642 A.2d 176 (Me.1994) (noting that DHS is without jurisdiction to consider the equitable defense of estoppel). Reducing the amount claimed to account for support payments made by Fisco, and making other adjustments, the hearing officer established Fisco's debt to be $34,347.

Fisco sought review of the hearing officer's decision pursuant to M.R.Civ.P. 80C. The Superior Court applied the doctrine of laches and barred recovery. The Superior Court found that a reasonable person in Fisco's situation would have relied, as he did, on Westhoff's offer and her apparent compliance with her part of the agreement. Specifically, the court stated that a reasonable person would have considered formal judicial modification of the decree unnecessary.

■ We review directly the evidence developed before the administrative tribunal. *See Schneider v. Dept. of Human Servs.*, 617 A.2d 211, 212 (Me.1992). We review the agency's findings of facts to determine whether they are supported by any competent evidence. *Vector Marketing v. Unemployment Ins. Comm'n*, 610 A.2d 272, 274 (Me.1992). We review the question as to the availability of the defense of laches as a question of law. *See Town of Bar Harbor v. Evans*, 499 A.2d 157, 158 (Me.1985).

Laches is negligence or omission seasonably to assert a right. It exists when the omission to assert the right has continued for an unreasonable and unexplained lapse of time, and under circumstances where the delay has been prejudicial to an adverse party, and where it would be inequitable to enforce the right.

*Leathers v. Stewart*, 108 Me. 96, 101, 79 A. 16, 18 (1911). *See Trimble v. Comm'r. Dept. of Human Servs.*, 635 A.2d 937, 939 (Me. 1993) (finding, without holding that the defense is available, that Trimble had failed to establish the requisite detrimental reliance, change of position or prejudice resulting from the delay to establish laches); *Schneider v. Dept. of Human Servs.*, 617 A.2d at 212; *Carter v. Carter*, 611 A.2d 86, 87 (Me.1992).

■ Although Fisco does not ask us to enforce Westhoff's proposal as a valid agreement, his claim of prejudice begins with that agreement. We reiterate our position in *Ashley v. State*, 642 A.2d 176. A party's reliance on this kind of informal agreement is unreasonable and unjustifiable. *Id.* Conduct such as Westhoff's and Fisco's frustrates "the court's power to determine the amount of child support and cannot be countenanced." *Id.* We therefore do not consider Fisco's reliance on the proposal as evidence tending to establish the requisite prejudice.

■ Independent of his reliance on this proposal, Fisco can point to no prejudice of the kind sufficient to establish laches. Westhoff's delay in bringing the enforcement action certainly prejudiced Fisco, but he as much as Westhoff is responsible for the situation in which he now finds himself. His testimony demonstrates that he was at least vaguely aware that Westhoff's proposal im-

Support Act, 19 M.R.S.A. §§ 421–429–B (Supp. 1994).

**2.** 19 M.R.S.A. § 500(1)(G) (1981 and Supp.1994) provides:

**1. Notice of debt.** In addition to conforming with the requirements of the Maine Administrative Procedure Act, Title 5, section 9052, subsection 4, notice of debt shall include:

**G.** A statement that at the administrative hearing only the following issues shall be considered:

(1) The receipt of public assistance by the responsible parent;

(2) Uncredited cash payments;

(3) The amount of the debt accrued and accruing;

(4) The accuracy of the terms of the court or administrative order as stated in the notice of debt; and

(5) The maintenance of any required medical or dental insurance coverage.

properly modified the judicially imposed rights and obligations of the parties in relation to the children. Yet he never petitioned the court either to enforce his visitation rights or, even after his economic circumstances changed, to modify his support obligation. Instead, he chose to abide by an agreement that, we may surmise, benefitted him at least in part. His part in the delay amounts to what the statute labels it—desertion and nonsupport. That his economic circumstances have changed for the worse makes him a sympathetic figure, but the fact remains that the changes occurred while he was actively ignoring a court order. We cannot reward this conduct by excusing the legal obligation. "When both parties are at fault, neither can assert laches against the other." *Mitchell v. Alfred Hofmann, Inc.*, 48 N.J.Super. 396, 137 A.2d 569, 572 (Ct.App. Div.1958). "[T]he law will prevail where the equities are equal." *Sargent v. Coolidge*, 433 A.2d 738, 743 (Me.1981). The law is clear. Fisco was obligated to pay. His reliance on Westhoff's abiding by an agreement we cannot credit does not constitute the prejudice necessary to establish laches.

The entry is:

Judgment vacated. Remanded with instructions to affirm the decision of the hearing officer.

WATHEN, C.J., and ROBERTS, CLIFFORD and LIPEZ, JJ., concurring.

DANA, J., with whom GLASSMAN, J. joins, dissenting.

I respectfully dissent. Here a mother offers in writing to fully support her children during their minority if their father will relinquish his rights to visitation. Soon after the mother's offer, the father is determined to be fully disabled as a result of his service in the Vietnam War. Although the offer was not formally accepted or incorporated into a court decree, the trial court found that the parents substantially abided by their bargain. Now, after a dozen years and after the children have reached their majority, the mother, having received the benefit of her bargain, changes her mind. The father cries foul. He complains that he can never recapture the visitations he has forgone. Additionally, had he known years ago that his former wife would ultimately bring this action, he could have obtained judicial relief from the prior judgment because of his total disability. In a case such as this where the state has not been required to support the children from the public fisc, I would affirm the decision of the Superior Court and leave the parties to their bargain.

In its analysis, the Court first asserts that the father's reliance on the agreement was unreasonable and unjustifiable. The Court cites our opinion in *Ashley v. State*, 642 A.2d 176 (Me.1994), in which we stated that the equitable defense of estoppel must be based on a reasonable reliance. In contrast, laches is "an omission to assert a right for an unreasonable and unexplained length of time and under circumstances prejudicial to the adverse party." *A.H. Benoit & Co. v. Johnson*, 160 Me. 201, 207, 202 A.2d 1, 5 (1964). There is no requirement of "reasonable reliance" by the adverse party.

The record supports the trial court's finding that Westhoff's twelve year delay in seeking arrearages greatly prejudiced Fisco. As the Superior Court noted, the change in Fisco's working and financial circumstances during the period of delay would have provided "both a strong incentive and a compelling argument for a judicial modification of his support obligation."

The Court's reliance on a 1958 New Jersey Superior Court decision is unpersuasive support for its conclusion that the trial court erred in determining that the equitable defense of laches is applicable to this case. The trial court's decision finds substantial support from the many jurisdictions that in recent years have held that equitable defenses are available in support enforcement actions. *See, e.g., Parkinson v. Parkinson*, 106 Nev. 481, 796 P.2d 229, 231 (1990) (finding a waiver, the court said, "[W]e now align ourselves with the majority of jurisdictions and hold that additional equitable defenses such as estoppel or waiver may be asserted by the obligor in a proceeding to enforce or modify an order for child support or, as here, to reduce child support arrearages to judgment.") (footnote omitted). *See generally*

Annotation, *Laches or acquiescence as defense, so as to bar recovery of arrearages of permanent alimony or child support,* 5 A.L.R. 4th 1015 (1981 and Supp.1994).

Equally inapposite is the Court's claim that laches is unavailable in this case because the agreement "benefitted [Fisco] at least in part." The Court supports its conclusion by asserting that the "law will prevail where the equities are equal." Although the agreement may have benefitted Fisco in part, implicit in the Superior Court's decision is the finding that the equities were far from equal.

Finally, the Court's confusion concerning the requirements of laches is demonstrated in its conclusory statement that Fisco's *"reliance* on Westhoff's abiding by an agreement we cannot credit does not constitute the prejudice necessary to establish laches." (Emphasis added.) As the Superior Court correctly concluded, Fisco's defense of laches was properly based on the prejudice flowing from Westhoff's failure to assert her claim within a *reasonable time.* Whether Fisco's reliance on the agreement was reasonable is irrelevant to the analysis in this case.