DRC 01 SUPREME
LAW LIBRARY

STATE OF MAINE
Androscoggin, SS.

MAR 13 2002

SUPERIOR COURT
Civil Action
Docket No. AP-01-11
TED - AND - 2/26/2002

STEVEN J. COTE,

    Appellant

v.

MAINE DEPARTMENT
OF HUMAN SERVICES,

    Appellee

RECEIVED & FILED

FEB 26 2002

ANDROSCOGGIN
SUPERIOR COURT

DECISION AND
ORDER ON APPEAL

## I. BACKGROUND

Steven Cote appeals from the decision of a Department of Human Services (DHS) hearings officer which holds him responsible for continuing and child support and for $23,753.00 in past due support[1] at payments of $108.00 per week.[2]

There is no real dispute as to the facts. The child, Danielle F., was born on December 29, 1993, to Cheryl. It is not disputed that appellant Steven Cote is Danielle's father, but this fact was not determined until the child was nearly six years old.

Danielle was conceived sometime during March or April of 1993. When her mother first enrolled in AFDC, she was asked to name the child's father and fill out a paternity affidavit. On February 2, 1994, Cheryl stated that there were two possible fathers, Cote and a man named "Butch," but that she did not know the whereabouts of either man.

---

1. This represents $59.00 for child support and $49.00 as Cote's share of weekly daycare expenses.

2. This represents $10,348 due to DHS for the time during which the child received public assistance, and the balance of $13,405 is owed to the child's mother.

Cote contends that neither Cheryl nor DHS made sufficient effort to locate him even though he remained in the local area throughout the years. Cote does, however, acknowledge that he heard Cheryl was looking for him and that he attempted to call her one time.

During the time that public assistance benefits were paid for Danielle, DHS pursued paternity proceedings against the other individual named by Cheryl as the possible father. When she stopped receiving public benefits, DHS made no further effort to locate Cote.

In May of 1999, Cheryl again began receiving public assistance for Danielle. DHS had little trouble locating Cote and in September of 1999, served him with a notice of paternity proceeding. Cote agreed to participate in genetic testing, which confirmed that he was the father of Danielle. DHS then notified him that they would seek to establish a support obligation against him.

Cote now argues that he should not be responsible for back child support prior to the date that DHS served notice on him and that he should not be required to pay for Danielle's day care because he is willing and able to care for her after school.

## II. DISCUSSION

In considering an appeal, the standard of review is whether the hearing officer abused his discretion, committed an error of law or made findings not supported by substantial evidence in the record. *Davric Maine Corp. v. Maine*

2

*Harness Racing Comm'n,* 732 A.2d 289, 293 (Me. 1999); 5 M.R.S.A. § 11007 (4)(C) (1989).

In reviewing an agency decision, the issue before the court is "whether the record contains competent and substantial evidence that supports the result reached." *CWCO, Inc. v. Superintendent of Ins.,* 703 A.2d 1258, 1261 (Me. 1997).

**A. Waiver, Laches, and Estoppel.**

The hearing officer concluded properly that he was without jurisdiction to consider equitable issues, but did make specific findings of fact with regard to each of the issues raised by Cote at the administrative hearing. *See Trimble v. Commissioner, DHS,* 635 A.2d 937, 939 (Me. 1993).

The availability of an equitable defense is a question of law. *Fisco v. DHS,* 659 A.2d 274, 275 (Me. 1995). The Law Court has held that an administrative hearing to determine a child support obligation is a "statutory action to establish a money debt, comparable to a court action to recover money damages, and thus the doctrine of laches has no application to it." *Jack v. DHS,* 556 A.2d 1093, 1095 (Me. 1989). The fact that DHS waited six years to determine Cote's obligation to support his child does not render the determination "fundamentally unfair" (in *Jack,* DHS did not contact the father until several months after the child's tenth birthday).

In *DHS v. Bell,* 711 A.2d 1292, 1296 (Me. 1998), the Law Court stated that equitable defenses would not bar recovery of child support "where the Department has not affirmatively misled the father to believe he would bear no responsibility." Neither waiver, laches, nor estoppel should bar the Department from collecting the

3

amount due for six years of child support even though the father was not aware of his paternity until the child was seventeen years of age. *Id.* at 1295.

Waiver is defined as the "voluntary and knowing relinquishment of a right." *DHS v. Brennick,* 597 A.2d 931, 935 (Me. 1991). The *Brennick* Court held that the "mere delay in the bringing of an action until near the end of the limitations period does not support the reasonable inference that the party has voluntarily and knowingly relinquished the right to act." *Id.* (requiring the father to pay six years of support even though the action was not commenced until the child was seventeen).

> Laches is negligence or omission seasonably to assert a right. It exists when the omission to assert the right has continued for an unreasonable and unexplained lapse of time, and under circumstances where the delay has been prejudicial to an adverse party, and where it would be inequitable to enforce the right. *Fisco,* 659 A.2d at 275.

The defense of laches cannot be based only upon the fact that delay has occurred. *Schneider v. DHS,* 617 A.2d 211, 212 (Me. 1992). The appellant has failed to demonstrate that the delay has caused prejudice to him. Cote is required to pay no more than the amount he would have paid if paternity had been established earlier.

"The Legislature devised a comprehensive scheme for identifying fathers and making them responsible for the support of their children, undoubtedly a valid and important public policy. The strategy included a tradeoff: paternity could be established any time prior to the child's eighteenth birthday, but the responsible parent would owe only for the six years prior to the commencement of the action." *Bell,* 711 A.2d at 1295 (citing 19-A M.R.S.A. § 1554 (1998)).

4

In this case, Cote can be held liable under the statute for all six years of his daughter's life, as the action was commenced prior to her sixth birthday. The statute and the case law are clear: The equitable defenses of laches, waiver and estoppel are not available to Cote.

## B. Adjustment of Support Obligation.

With regard to Cote's contention that he should not be forced to bear the cost of Danielle's child care expenses because he is willing and available to care for Danielle after school, the hearing officer neither abused his discretion, committed an error of law, or made findings not supported by substantial evidence in the record.

### III. CONCLUSION

Cote has not met his burden of proving that no competent evidence supports the decision. *Bischoff v. Bd. of Trustees*, 661 A.2d 167, 170 (Me. 1995) (The burden of proof rests with the party seeking to overturn the agency's decision, and that party must prove that no competent evidence supports the decision and that the record compels a contrary conclusion.).

The hearing officer's decision is supported by substantial evidence in the record, and is correct as a matter of law. Relevant statutes clearly provide that child support may include a component for child care expenses actually incurred.

The hearing officer did not commit an error of law by declining to grant a deviation from the child support guidelines based upon the "catch all" provision of 19-A M.R.S.A. § 2007(3)(Q). He expressly found that it would not be in Danielle's

best interest to reduce her level of support after consideration of Cote's entertainment expenses, and further found that the fact that Cote's budget was about to "burst at the seams" was a result of t Cote's specific personal life style choices.

Title 19-A M.R.S.A. § 2007 gives the hearing officer discretion to decide if a deviation from the Child Support Guidelines is warranted. It is clear that the hearing officer considered appellant's argument in support of a deviation downward, but determined that under the facts it would not be unjust or inappropriate to deny the relief sought by Cote. Again, this determination was well supported in the record, and was not an abuse of the hearing officer's discretion.

For the above-stated reasons, the clerk will make the following entry as the judgment and order of this court.

The decision of the hearing officer is affirmed.

So Ordered.

DATED: Feb. 26, 2002

Thomas E. Delahanty II
Justice, Superior Court

6

Date Filed __May 16, 2001__ ___ANDROSCOGGIN___ Docket No. __AP-01-11__

*SR*

County

Action __PETITION FOR REVIEW - DHS__

STEVEN J. COTE
Lisbon, Maine

DEPARTMENT OF HUMAN SERVICES
Lewiston, Maine

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Leonard I. Sharon, Esq.    BAR #3291 | Diane E. Doyen, AAG |
| SHARON, LEARY & DETROY | DEPARTMENT OF THE ATTORNEY GENERAL |
| 90 Main St., P.O. Box 3130 | 6 State House Station |
| Auburn, ME 04212-3130 | Augusta, ME 04333-0006 |

| Date of Entry | |
|---|---|
| 2001<br>May 22: | Received 5-16-01.<br>Filing fee paid. ($120.00) Rec. #5-17-01 #4.<br>Summary Sheet, filed.<br>Petition for Review of Final Agency Action Pursuant to 5 M.R.S.A. §11002<br>Rule 80C Me.R.Civ.Pr., filed. |
| "   " | On 5-22-01.<br>Case file Notice, mailed. |
| May 24: | Received 5-23-01.<br>Correspondence from Diane E. Doyen, AAG RE:  Entering her appearance on behal<br>of Respondent Department of Human Services, filed. |
| June 7: | Received 6-6-01.<br>U.S. Domestic Return Receipts (2) filed showing acceptance on 5-25-01 by<br>State Postal Center on behalf of Commissioner Department of Human Services an<br>Office of Attorney General. |
| "   " | Received 6-7-01.<br>Certified Record, filed. |
| "   " | On 6-7-01.<br>Notice and Briefing Schedule Rule 80C Appeal of Final Agency Action mailed<br>Leonard I. Sharon, Esq. and Diane E. Doyen, AAG on 6-7-01. (Copy in file)<br>(Appellant's Brief due on or before July 17, 2001.) |
| July 13: | Received 7-12-01.<br>Plaintiff's Motion to Extend Time for Filing Brief, filed. |
| "   " | Proposed Order, filed. |
| July 25: | Received 7-23-01.<br>Order on Motion to Extend Time for Filing of Brief, filed. (Delahanty, II,J.)<br>    It is hereby ORDERED and ADJUDGED that the Plaintiff's Motion to<br>    Extend Time for Filing of Brief is hereby Granted and Plaintiff's<br>    brief is now due on August 15, 2001.<br>Copies mailed Leonard I. Sharon, Esq. and Diane E. Doyen, AAG on 7-25-01. |

| Date of Entry | |
|---|---|
| | Docket No. __AP-01-11__ |

**2001**

**Aug. 10:**   Received 8-10-01.
Plaintiff's Motion to Extend Time for Filing Brief, filed.
**" "**   Proposed Order, filed.

**Aug. 15:**   Received 8-13-01.
Order on Motion to Extend Time for Filing of Brief, filed. (Delahanty, II, J.
and now, it is hereby ORDERED and ADJUDGED that the Plaintiff's
Motion to Extend Time for Filing of Brief is hereby Granted and
Plaintiff's brief is now due on August 29, 2001.
Copies mailed Leonard I. Sharon, Esq. and Diane Doyen, Esq. on 8-15-01.

**Sept. 4:**   Received 8-29-01.
Appellant Steven J. Cote's Brief, filed.
(Appellee's Brief due on or before Sept. 28, 2001)

**Oct. 1:**   Received 10-01-01.
Brief of the Department of Human Services, filed.
(Appellant's Reply Brief due on or before October 15, 2001)
**" "**   Certificate of Service, filed.

**2002**

**Jan. 9:**   On 1-2-02.
Oral Argument held this day.
Court takes matter under advisement.
Delahanty, II, J., Presiding, no court reporter, Leonard I. Sharon for
the Plaintiff and Diane E. Doyen for the Defendant.

**Feb. 26:**   Received 2-26-02.
Decision and Order on Appeal, filed. (Delahanty, II, J.)
For the above-stated reasons, the clerk will make the following
entry as the judgment and order of this court.
The decision of the hearing officer is affirmed.
So Ordered.
copies mailed Leonard I. Sharon, Esq. and Diane Doyen, Esq. on 2-26-02.