STATE OF MAINE
PENOBSCOT, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO BANSC-RE-05-049

DANIEL OLIVER and NORMAN OLIVER,

Plaintiff,

v.

JOSEPH M. OLIVER and NANCY LEE
OLIVER, n/k/a NANCY LEE LEONARD

Defendant.

DECISION and ORDER

FILED & ENTERED
SUPERIOR COURT

MAR 07 2008

PENOBSCOT COUNTY

Hearing was held on the plaintiffs' complaint and defendants' counterclaims on March 4, 2008, 2002. The plaintiffs were present and represented by counsel, Eugene M. Sullivan Jr., Esq., while the defendants were present and represented by counsel, Kirk Bloomer, Esq., Esq. Before trial, the parties stipulated that counts 1 and 2 of the complaint and count 1 of the counterclaim were dismissed with prejudice. The court will first address the remaining counts of plaintiffs' complaint, unjust enrichment and partition and then decide the assault and waste counterclaims.

DONALD L. GARBRECHT
LAW LIBRARY
MAY 06 2008

## CLAIMS

1. Unjust Enrichment

At the close of the plaintiffs' case, the court granted defendants' motion for judgment as a matter of law with regard to the partition count because the plaintiffs did not have the required interest in the disputed real estate that is required by 16 MRSA 6502.

2. Unjust Enrichment

To prove unjust enrichment, a plaintiff must establish that it conferred a benefit upon the other party, the other party had appreciation or knowledge of the benefit, and

the acceptance or retention of the benefit was under such circumstances as to make it inequitable for the party to retain the benefit without payment of its value. Maine Eyecare Assoc. v. Gorman, 2006 ME 15. The court finds that the plaintiffs have proved each element of their unjust enrichment claim. The plaintiffs conferred a benefit to the defendants in the form of improvements to their land. The defendants had knowledge of the improvements. Finally, retention of the benefit without payment is inequitable because the plaintiffs made the improvements based on the defendants' assertion that the plaintiffs would be able to occupy the land indefinitely only to have that permission revoked after they made the improvements. The only question, then is the extent of the damages.

At trial, the plaintiffs focused on proving the amount of their investment in the improvements. This misses the mark, however, because the measure of damages is the value of the benefit, Court v. Kiesman, 850 A.2d 330, 334 (Me. 2004), and as applied to these facts, would require prove of the increase in value to the defendants' real estate attributable to the improvements, the construction of 2 garages, site work, and utility installation. The court finds that the value of defendant's property increased by the value of the two garages as well as the cost of the appurtenant site and utility improvements based on the court's conclusion that each site containing the improvements would be attractive to a buyer who wanted to own a rural garage or build a rural home with a garage that was already constructed. The court accepts the appraisals, def ex. #8 and 9 as accurately establishing the value of the two structures. The value of Daniel's garage was $14,000 and the value of Norman's was $12,000. Each appraisal was completed on the basis that neither had power, water, septic system, or other similar improvements. Neither appraisal appears to consider access construction and other site work. The court adds $1,750 for well and power, as well $10,300 for

gravel and site work to the value of Daniel's garage to arrive at a total for the improvements attributable to his efforts of $26,050. In addition to the value of Norman's garage, the court adds $2,800 for well, $3,500 for power, $5,500 for septic system, $2,500 for plumbing, and $14,000 for gravel site work for a total improvement attributable to Norman of $40,300. The court does not separately attribute an increase in value due to the plaintiffs' labor because the value of the labor is subsumed in the value of the improvement, i.e., the value of each garage includes the cost of the labor to construct it. The total amount recoverable under the unjust enrichment claim is $66,350.

Finally, the court must consider whether there is an offsetting decrease in value attributable to the plaintiffs' activities that would diminish the amount of the recovery. This could be addressed in this count as a decrease of the enrichment, or as a separate waste counterclaim. The court will adopt the latter approach.

## COUNTERCLAIMS

### Assault

The court finds for counterclaim defendants on this count because Joseph Oliver failed to prove that either Daniel or Norman Oliver assaulted him.

### Waste

The court finds that counterclaimants have proved that counterclaim defendants have committed waste to their property by depositing a variety of discarded items, some having modest recyclable value and some not, on the their property. Additionally, counterclaim defendants have failed to dispose of an uninhabitable mobile home left behind on the property. In the absence of evidence to the contrary, the court finds that the value of the waste, calculated by estimating the cost to defendants of having the materials removed, is $15,000.

Based on the above findings, the court orders that Judgment be entered for the plaintiffs in the amount of $48,350, plus pre-judgment interest at the rate of 5.77%, post judgment interest at the rate of 9.42% and costs.

The clerk is directed to incorporate this Decision and Order into the docket by reference.

Dated: March 6, 2008

WILLIAM ANDERSON
JUSTICE, SUPERIOR COURT