STATE OF MAINE                          SUPERIOR COURT
YORK, ss                                CIVIL ACTION
                                        DOCKET NO. FM-00-008

ERNEST D. ALLARD,                    }
                                     }
        Plaintiff                    }
                                     }        **ORDER ENFORCING**
        v.                           }        **DIVORCE JUDGMENT**
                                     }
COLLEEN A ALLARD,                    }
                                     }
        Defendant                    }


        Pending before the court is the Defendant's Motion to Enforce the Divorce
Judgment as it relates to child support dated April 10, 2008 and the Plaintiff's Motion to
Modify the Divorce Judgment seeking a shared residence of the parties' minor children
filed June 2, 2008. Pursuant to the Defendant's motion to sever the two motions and for
an expedited hearing on the Defendant's motion, a hearing was held on October 6, 2008
on the financial issues only. The Plaintiff appeared with his attorney, John Sawyer, Esq.
and the Defendant appeared with her attorney, M. Thomasine Burke, Esq. the parties and
their attorneys appeared at the court on November 10, 2008 for closing arguments. Based
on the evidence presented, it is ORDERED:

        1. The Parties were married in 1989 and have four minor children, Anna, d/o/b
5/3/91, Allyson, d/o/b 3/2/94, Alexa, d/o/b 3/8/97 and Ernest, d/o/b 9/28/98. They were
divorced by Order of this Court dated July 18, 2002. The Divorce Judgment with an
incorporated Settlement Agreement and Stipulation Regarding Parental Rights and
Responsibilities of Minor Children provided in relevant part that the parties would share
parental rights and responsibilities for their children. Primary residence of the children
was awarded to Defendant and a contact schedule was established between the Plaintiff
and the Children. That contact schedule had the children with the Plaintiff approximately
40% of the time.

        2. Prior to the divorce, the Parties owned and ran together the Village Variety, a
convenience store in Parsonsfield. Pursuant to the Settlement Agreement of the Parties,
the Village Variety and the marital residence, *inter alia*, were awarded to the Defendant
in exchange for which the Plaintiff received, *inter alia*, two IRAs, a Prudential Account,
the cash value of a life insurance policy, land in Lyman, and $50,000 in cash payable
over 10 years at 7% interest. Defendant also agreed to pay for the Plaintiff's health
insurance for a year.

3. The Divorce Judgment of the parties provided that neither party would pay child support to the other for a period of 24 months following the final divorce. As further clarification of that provision, the parties incorporated settlement agreement provided that "Husband's obligation to pay child support to Wife for the four (4) minor children is suspended for a period of 24 months following the final divorce hearing to enable Husband to retrain for a new career. The parties will exchange Child Support Affidavits at the end of 24 months, and will be guided by the provisions of the Maine Child Support guidelines in determining the appropriate weekly child support amount. The parties will then submit a Child Support Order to the Court. If the parties are unable to reach an agreement regarding an appropriate amount of child support, either party may petition the Court of the Department of Human Services to make such determination."

4. The Plaintiff did not start school immediately following entry of the divorce decree. He completed his program majoring in computer technology in the spring of 2005. Prior to going to school and while he was attending school he lived on his savings and the property settlement he had received in the divorce settlement. The Defendant paid off the $50,000 she owed him ahead of schedule taking out an equity line to do so. The Plaintiff began working at Tyler Technologies in the spring of 2005. His annualized income at Tyler was approximately $32,000. He left Tyler Technologies in June 2007 when he bought a variety store in Limington, Maine.

5. In 2007 the Plaintiff bought the Limington Variety store in Limington. In order to do so, he cashed out an IRA of $71,000, sold stock for $15,800, and borrowed money. His income for that year consisted of the gain on the stock and the IRA he cashed out which were used to purchase the business, his salary at Tyler Technologies before he left and draws he took from the business in the latter part of the year. He also had a loss that year of $45,390 from Limington Variety.

6. The Defendant's adjusted gross income for 2004 was $57,800. It was $50,000 in 2005, $68,800 in 2006 and $67,000 in 2007. She expects to make approximately the same income in 2008 as she made in 2007.

7. The parties' settlement agreement requiring the parties to exchange child support affidavits 24 months after the divorce, to be guided by the Maine Child Support Guidelines, and to submit a child support order to the Court is an enforceable judgment. See *Glew v. Glew*, 1999 ME 114 (finding that the parties 1990 agreement that the Defendant's child support obligation would be recomputed at the end of each calendar year was enforceable by the Plaintiff in her motion to enforce filed in 1997).

8. The Plaintiff claims that there was an agreement between the parties that he would not pay child support. The Defendant denies any agreement, claiming that the Plaintiff refused to pay and she was intimidated from filing a motion to enforce for several years. Even if there were such an agreement, it would be unenforceable as against public policy. See *Court v. Kiesman*, 2004 ME 72. The court also finds that the equitable defenses of waiver and laches do not apply. The court does find, however, that

2

in July 2004 when the agreement contemplated child support would begin, the Plaintiff was not working and had no income. He did not begin working until sometime in the spring 2005 and that is when the Court will begin assessing child support. The Court accepts the annualized income of the Defendant while he was working at Tyler Technologies as reasonable and assigns that income to him from July 1, 2005 through the end of December 2007.

9. At this time, there is no full picture of what the Plaintiff's income for 2008 is since this is the first full year that the Plaintiff has owned the business, but the Court does find that the gross sales are similar to the gross sales of the Defendant's store, and it is likely that they would have similar gross adjusted incomes except for the debt that the Plaintiff incurred buying his store. Some of that debt could have been avoided if the Plaintiff had begun working as expected in 2004 instead of living on his property settlement from the divorce. The court is imputing an income of $56,500 to the Plaintiff for 2008.

10. In accordance with Title 19-A M.R.S.A. section 2006, the findings to be made by the Court with respect to the current parental support obligations for the minor children are contained within the completed Child Support Worksheets which are attached to and incorporated in this Order.

11 The Court finds that the amount of the arrearage that the Plaintiff owes to the Defendant for the period between July 1, 2005 and November 14, 2008 is $28,496 (twenty eight thousand four hundred and ninety six dollars). The Plaintiff will pay the Defendant $100 per week towards the arrearage beginning November 14, 2008 until it is paid off completely. Post Judgment interest will accrue on any unpaid balance after November 14, 2008.

12. Child Support Order is attached to the Divorce Judgment and incorporated herein. The Plaintiff shall pay to the Defendant $230 per week as child support beginning November 14, 2008. Each of the parties will continue to provide health insurance for 2 children through his/her respective business, and they will continue to share the uninsured medical costs equally.

13 All other provisions of the Divorce Judgment and incorporated Settlement Agreement that are not inconsistent with this order shall remain in full force and effect.

14 The Clerk is hereby directed to enter this Order on the docket by a notation incorporating it by reference, pursuant to M.R. Civ. P. 79(a).

SO ORDERED:

12/3/08
G. Arthur Brennan
Justice Superior Court

PLAINTIFFS:
JOHN W. SAWYER, ESQ.
SAWTER SAWTER & MINOTT PA
PO BOX 58
GORHAM ME    04038

DEFENDANT:
M. THOMASINE BURKE, ESQ.
BROWN & BURKE
PO BOX 7530
PORTLAND ME    04112-7530

3